**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **BEXLEY SOLUTIONS LLC,**<br>Plaintiff,<br>v.<br>**HEWLETT PACKARD ENTERPRISE COMPANY,**<br>Defendant. | C.A. No.<br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bexley Solutions LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

**THE PARTIES**

1. Plaintiff Bexley Solutions LLC is a Texas limited liability company with a principal office at 3509 E. Park Blvd., Ste. 220-2004, Plano, TX 75074-1502.

2. Defendant Hewlett Packard Enterprise Company is a Delaware corporation with a regular and established place of business at 6280 America Center Drive, San Jose, CA 95002. Defendant may be served with process via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through

intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District; and (iv) Defendant is incorporated in and resides in Delaware.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Defendant is incorporated in and resides in Delaware.

## THE PATENT-IN-SUIT

7. On March 19, 2002, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,359,879 ("the '879 Patent"), titled "Composite Trunking." A true and correct copy of the '879 Patent is attached at Exhibit 1.

8. The '879 Patent is presumed valid under 35 U.S.C. § 282(a).

9. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the '879 Patent.

10. The '879 Patent claims and discloses a network router comprising a plurality of trunk ports, including a composite port of plural ports to plural trunks which serve as a composite trunk to a common destination; a routing fabric for transfer of data packets between trunk ports; and an output port selector which selects an output port for a packet from a composite port, the output port selector comprising a routing table which maps destination addresses to composite trunks.

11. Prior art routers treat each of the multiple trunks between two Network Access Points (NAPs), and hence two routers, as ordinary links. Each trunk is connected to a router port and all traffic is forwarded over a specific trunk. This has two significant disadvantages: the complexity of the routing table is increased, and it becomes difficult to balance load across the

trunks. Instead of simply directing all westbound traffic out of New York to Chicago, for example, with prior art routers it is necessary to direct distinct portions of this traffic over each of the N trunks between the two cities. The traffic is divided over these trunks by making a different routing table entry for each portion of traffic to direct it over a particular trunk.

12. Prior art routers also have difficulty balancing the load across the set of trunks between two points. Traffic is divided over these trunks by the routing table, and hence by destination address. At different points in time, the traffic to a set of destinations mapped to one trunk may be greater than the traffic to the set of destinations mapped to a second trunk leading to load imbalance between the trunks.

13. Both of these problems, routing table complexity and load imbalance, increase in magnitude as the number of trunks between a pair of routers increases.

14. The router of the invention overcomes the limitation of prior art routers by treating all of the links or trunks to a given destination as a single composite trunk. With composite trunking, all of the westbound traffic out of New York, for example, would be directed onto the single composite trunk to Chicago rather than be divided into N separate portions, one for each of the N links to Chicago.

15. When a westbound packet arrives at the New York router, the routing table lookup selects the composite trunk to Chicago as the outgoing link for the packet. A separate trunk selection step then picks one of the multiple trunks to Chicago to carry this particular packet and the packet is forwarded to that trunk. The trunk selection is performed to balance load across the trunks while preserving packet ordering within individual flows. It may also be performed to select the ‘closest’ output port for a given packet.

16. The use of composite trunks has three primary advantages. First, it simplifies routing tables by allowing large groups of destinations to be mapped to a single composite output port rather than requiring that many smaller groups be individually mapped to distinct output ports. Second, composite trunking makes it easier to balance load across multiple trunks by allowing load to be dynamically shifted across the individual trunks making up a composite trunk without changing the routing function. Finally, composite trunking can give more efficient use of fabric channels in a direct fabric network by selecting the output trunk that is nearest the packet waiting to be transmitted.

## THE ACCUSED PRODUCT

17. Defendant makes, uses (at least by testing), sells, offers for sale, or imports an Accused Product that infringes one or more claims of the ’879 Patent.

18. Defendant’s Accused Product is its HP 2910 al Switch Series.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,359,879

19. Plaintiff incorporates by reference each of its foregoing allegations.

20. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the ’879 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using (at least by testing), selling, offering for sale, or importing their Accused Product as shown in Exhibit 2.

21. The claims of the ’879 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

22. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the '879 Patent upon a plain reading of this Complaint, the '879 Patent, and Exhibit 2.

23. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

24. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringe one or more claims of the '879 Patent.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the '879 Patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: April 30, 2019

Respectfully Submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiff*
*Bexley Solutions LLC*

OF COUNSEL:

Peter J. Corcoran, III
Texas Bar No. 24080038
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
peter@corcoranip.com